UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NUMBER: 15-22326-CIV-MARTINEZ-GOODMAN

LEONARDO CRUZ TORRES and all others
Similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

v.

SOLID BUILDERS, INC., and
IGNACIO HERNANDEZ

    Defendants.
_____/

## MOTION TO EXTEND SCHEDULING ORDER DEADLINES AND TO CONTINUE TRIAL

COME NOW, the Defendants SOLID BUILDERS, INC. and IGNACIO HERNANDEZ and hereby file this MOTION TO CONTINUE TRIAL and in support thereof allege:

1. This cause is currently set on the trial docket commencing on November 26, 2018.

2. This is the second time the case has been set for trial and only one previous continuance has been granted.

3. On June 19, 2018, counsel for the Defendants filed a Corrected Renewed Motion to Withdraw as Counsel based on the fact that Counsel has no communication with the Defendants, Defendants refuse to communicate with Counsel and Counsel has seemingly been discharged by the defendants as Defendants have not communicated with Counsel and have hired other attorneys who have entered appearances in separate unrelated cases. The Motion is currently pending.

4. Counsel is unable to represent a client that refuses all communication, however as no Order has been issued by the Court granting Counsel's withdrawal, Counsel is still bound to protect his client/former client's interest.

5. Counsel sought guidance from the Florida Bar Ethics Counsel on how to proceed ethically in this matter.

6. Assistant Florida Bar Ethics Counsel Joy A. Bruner, Esq. advised Counsel to file a motion to continue to protect the defendants' interests but cautioned that any further representation by counsel of the Defendants would be unauthorized.  See The Florida Bar v. Birdsong, 661 So.2d 1199 (Fla. 1995) (Continued representation of client after receiving actual notice of conflict of interest and violation of court's disqualification order merited 30 day suspension);  The Florida Bar v. Couillard, Case No. SC10-871 (Fla. 2011) (Lawyer suspended for 30 days after continuing to represent a corporate client, including drafting and editing documents to be filed with the court, after being disqualified, according to the bar's complaint.); The Florida Bar v McHardy,  Case No. SC16-1747 (2017) (Consent judgment for public reprimand.  Lawyer who was discharged by client did not move to withdraw and did not take steps to protect the client's interests.  Lawyer claimed he was not aware of requirement to file motion to withdraw to release him of responsibility for the case.); The Florida Bar v. Nunes, 734 So.2d 393 (Fla. 1999) (Continued representation of clients by filing numerous pleadings after representation terminated, among other offenses, warranted 3-year suspension.). The Florida Bar v. Wilson, 714 So.2d 381 (Fla. 1998) (Attorney suspended for one year for representing wife in dissolution and action to set aside declaratory judgment on lottery winnings after representing the wife and husband in the declaratory action to share the lottery winnings of the wife.  After

disqualification, attorney filed motion to recuse judge and motion for rehearing on disqualification, continuing representation after disqualified); The Florida Bar v. Vining, 721 So.2d 1164 (Fla. 1998). (Attorney suspended 6 months for continuing representation after a client discharged him.  The client discharged attorney because client was suing attorney's P.A. for unpaid rent, the attorney counter-claimed for unpaid legal fees, and used the hours he spent on the client's representation after the discharge to offset money he owed to the client for backrent. Attorney's argument that he is not the same entity as his P.A. (the P.A. was sued for backrent by his client), was rejected by the Supreme Court.); Syna v. Lewen, 549 So.2d 755 (Fla. 3d DCA 1989).  Appellate court upheld trial court order dismissing petition to enforce dissolution order, to determine if guardian for client was necessary, and to award attorney's fees. Client had discharged attorneys, and had guardian appointed who also discharged attorneys. Attorneys were acting without authority after their discharge.)

7. Counsel for Defendants held a meet-and-confer on July 25, 2018 with opposing counsel regarding the issues raised in this Motion and Counsel for Plaintiff is opposed to the granting of this motion for continuance, stating, "We would oppose a blanket request without a specified amount of time for Defendants to obtain new counsel and would oppose any type of stay although would request that the Court tack on the amount of time it allows to Defendants to obtain new counsel to all deadlines."

8. Counsel does not believe any parties will be prejudiced by the granting of this motion, but that it would be extremely prejudicial to Defendants and to Counsel to have to adhere to the current deadlines and trial dates due to the lack of communication and of a client/attorney relationship between them at this time.

9. This Motion is being filed in good faith and in furtherance of the interest of justice.

10. Counsel for Defendants held a meet-and-confer on July 25, 2018 with opposing counsel regarding the issues raised in this Motion in order to make a good faith effort to resolve all matters herein pursuant to the Local Rules. Counsel for Plaintiff is opposed to the granting of this motion for continuance, stating, "We would oppose a blanket request without a specified amount of time for Defendants to obtain new counsel and would oppose any type of stay although would request that the Court tack on the amount of time it allows to Defendants to obtain new counsel to all deadlines." Counsel for Defendants notes that the Corrected Renewed Motion to Withdraw requests ten (10) days for Defendants to obtain new counsel in the event of a withdrawal and that no "blanket request" is being made in neither this Motion nor the Motion to Withdraw. [1]

WHEREFORE, Defendants respectfully request this Honorable Court grant this Motion to Extend Deadlines and to Continue Trial for a period of sixty (60) days or until the date of the Court's ruling on Defendants' Counsel's Corrected Renewed Motion to Withdraw As Counsel, whichever is sooner and/or any further relief which this Court deems proper under the circumstances.

---

[1] "Counsel for the parties agree to provide Defendants ten (10) days from the Court's order on this Motion to retain new counsel. Unless the Court Order provides a different time frame, in the event that Defendants do not retain new counsel, Plaintiff can file a Motion for Default upon the expiration of that time period." Corrected Renewed Motion to Withdraw as Counsel at paragraph 6.

Respectfully submitted,

/S/ Jose Teurbe-Tolon_____
JOSE TEURBE-TOLON, ESQ.
Florida Bar Number: 0087791
Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this MOTION TO EXTEND DEADLINES AND TO CONTINUE TRIAL has been furnished via the Florida Court's E-Filing Portal's Automatic Service E-mail to Rivkah F. Jaff, Esq. and by U.S. Mail on Ignacio Hernandez, individually and as President of Solid Builders, Inc. at 8501 North Bayshore Drive, Miami, Florida 33138 on this 8th    day of August, 2018.

/s/ Jose Teurbe-Tolon_____
JOSE TEURBE-TOLON, ESQ.
Florida Bar Number: 0087791
Attorney for Defendants
2250 S.W. 3RD AVENUE #205
MIAMI, FLORIDA 33129
(305) 733-1592
FAX: (305) 854-5324
JOETT@HOTMAIL.COM